Lockwood et al. v. The Atlantic Mutual Ins. Co.

RICHARD J. LOCKWOOD *et al.*, Respondents, *v.* THE ATLANTIC MUTUAL INSURANCE COMPANY, Appellant.

1. *Practice, civil — Evidence — Verdict — New trial.* — Trial courts, if they believe that injustice has been done by the verdict, may grant a new trial, although they would not be justified in taking the issue from the jury, and although the appellate court could not in such cases interfere.

2. *Insurance companies, actions against — Vexatious delay, proof of — Jury — Verdict.* — In actions against insurance companies, under chapter 90, section 1, Gen. Stat. 1865, direct and explicit proof that the delay or refusal of payment was vexatious, is not required, but the jury must form their conclusions from all the facts and circumstances of the case.

3. *Insurance — Freight list — Total loss — Profits — Measure of damages.* — On an open policy of insurance the insurable interest in freight to be transported is not the net amount after deducting expenses, but the gross amount to be received according to the bills of lading or charter-party. And in an action on such a policy to recover the insurance money on a freight list, where the boat was a total loss, the estimated expense of carrying the goods from the place of loss to the point to which the goods were shipped should not be deducted from the amount claimed. It is immaterial what further expenses would have accrued, what would have been the profits, or whether any, or what amount the assured would have received for freight if the voyage had not been broken up. The valuation on the freight fixes the liability of the company.

### Appeal from St. Louis Circuit Court.

*G. P. Strong*, for appellant.

I. The measure of damages established by the fifth instruction is erroneous and the damages are excessive.

II. The contract of insurance is a contract of indemnity. If entitled to recover at all, the assured is only entitled to recover what he has lost by the peril insured against. (1 Phill. Ins. 1, § 1; *id.* 5, § 5; *id.* 185, § 327; 2 Phill. Ins. 47, § 1238; McGregor v. Ins. Co. of Pennsylvania, 1 Wash. C. C. 39.)

*Rankin & Hayden*, for respondents.

I. The insurance in this case was on freight — not, as the defendant supposes, on profits. Profits may be insured, but this is not such an insurance.

II. The policy is a valued policy, and the defendant can not repudiate his own agreement, no fraud being pretended as to the amount. (See Lockwood v. Sangamo Ins. Co., 46 Mo. 71.)

BLISS, Judge, delivered the opinion of the court.

This is an action upon a policy of insurance upon the freight list of the steamer Bridgeport, bound for the upper Missouri, and substantially the same facts are embodied in the record as were shown in Lockwood v. Sangamo Ins. Co., 46 Mo. 71. The case was tried by jury, and the plaintiffs recovered judgment. One of the instructions complained of is the same, adapted to a freight-list insurance, as the one first considered in said case, and the present criticism raises no new point. It seems rather verbal than substantial.

The jury were also instructed that if they believed the defendant vexatiously refused to pay the loss, they might add to the amount of the policy and interest a further allowance of not exceeding ten per cent. The jury found the issues in favor of the plaintiffs, and assessed the ten per cent. penalty. On motion for a new trial, the court informed the plaintiffs' counsel that it would be granted unless the penalty was remitted, which was thereupon done, and the motion was overruled, thus indicating the opinion of the trial court that the evidence warranted a finding for the amount insured, but not for the additional ten per cent. The defendant's counsel now object to the instruction, upon the ground that there was no evidence tending to prove the vexatious refusal, and that the defense was prejudiced in the minds of the jury by giving it. We can not say that there was no evidence tending to prove such refusal, though we agree with the trial judge that it was not proved, and have no doubt the defense was made in good faith. Trial courts, in reviewing verdicts, are not subject to the same rules that govern appellate courts. They may weigh the evidence, and, if they think injustice has been done, grant a new trial, in cases where they would not be justified in taking an issue from the jury, and where appellate courts should not interfere. It does not follow, because the court thought, under the evidence, that the penalty should not have

been imposed, that the law authorizing it should have been withheld from the jury. It was their province to say whether there had been a vexatious refusal or not, and, if there was evidence tending to show it, it became the duty of the court to leave the question to them, with the right to review the finding. The right to dictate it in advance does not hence follow. In Brown v. Railway P. Ins. Co., 45 Mo. 221, the court held that direct and explicit proof that the delay or refusal was vexatious, is not required, but that the jury must form their conclusions from all the facts and circumstances of the case. All these facts and circumstances must be submitted with reference to this question, as well as to the main one. Had the defendant requested it, the court would doubtless have given fuller instructions upon the point, and told the jury that the refusal, to be vexatious, must be without reasonable cause; but no explanation was requested, and there was no error in the instruction as given.

The freight list was insured for $6,000 at a valuation. The boat was a total loss; no opportunity was had to forward the goods to their destination, and no freight was earned. The judgment was for the $6,000 and interest, and counsel now claim that it was greatly too large; that the estimated expense of carrying the goods from the place of loss to the point to which they were shipped should be deducted, thus giving to the insured only the amount he was to receive, less the expenses not yet accrued. This claim utterly confounds the distinction between an insurance upon a freight list and one upon profits. They are distinct subjects of insurance, and the argument of counsel applies exclusively to the latter. Freights are insurable without reference to profits, and the insured, if prevented by the perils insured against from delivering the cargo, may receive the valuation in the policy without reference to the profit that would have been made, or even the amount that would have been received for the transportation had the voyage been accomplished. (1 Pars. Mar. Ins. 275; Phill. Ins., §§ 1205, 1207.) On an open policy the insurable interest is not the net amount of freight after deducting expenses, but the gross amount to be received according to the bills of lading or the charter-party. (Phill. Ins., § 1238.) In such a policy it would

be necessary for the insured to show the goods on board and the amount he was to receive for their transportation. But when the parties themselves, by their contract of insurance, have fixed the sum the insurer is to pay in case the insured shall be unable to earn his freight, and the premium is paid upon such sum, they must, in the absence of fraud, be governed by the contract. A case of some note is reported in 15 Mass. 341 (Coolidge v. Gloucester Ins. Co.), where the freight from Amsterdam to Philadelphia was valued at $3,000, when the freight actually earned was only $1,028. In consequence of perils upon the English coast the vessel was abandoned to the underwriters, who caused the property to be delivered, and received the freight. Upon the subject of over-valuation the court remarks: "The facts agreed prove that the freight was greatly over-valued, and it is contended that the policy is to be opened. Over-valuation is not conclusive evidence that the policy was with a view to gaming or wagering. It does not appear that when this policy was subscribed the plaintiffs knew the quantity of goods which the ship was to take on board at Amsterdam, or the price which was to be paid for their transportation to Philadelphia. In this state of uncertainty the parties agree that it shall be valued at a sum which eventually proves to be three times the value of the carriage of the goods. But we do not perceive that the estimate was unfairly made. The defendants were willing to take the premium upon that amount, and we do not feel at liberty to disregard the agreement which was made by the parties to prevent litigation and upon good consideration."

It does not matter, then, under this policy, what further expenses would have accrued—what would have been the profits, or whether any—or what amount the insured would have received for the freight if the voyage had not been broken up. The valuation fixes the liability of defendant, and was so intended.

The judgment is affirmed. Judge Currier concurs; Judge Wagner absent.