E. BOWNE, Respondent, v. THE HARTFORD FIRE
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1.  **Witnesses:** COMPETENCY AS TO VALUES : CROSS-EXAMINATION.  If
    a witness says he knows the value of the articles in question, he
    can testify to such value.  His means of knowledge will be proper
    subject for cross-examination.

Bowne v. The Hartford Fire Ins. Co.

2.   Insurance: EVIDENCE OF NOTICE: HARMLESS ERROR: FRAUD.
Where there is no objection by the insurer as to the claim for loss
except upon grounds of fraud, the admission in evidence of a
conversation with defendant's local agent as to notice of loss, if
erroneous, is harmless.

3.   ———: NOTICE OF LOSS: INSTRUCTION. Where defendant inves-
tigated the loss and acted as though proper notice had been given,
an instruction assuming such notice works no harm.

4.   ———: EVIDENCE: VALUES: PROOF OF LOSS. While the values
stated in the proofs of loss are not evidence of such values, yet an
instruction so declaring ought not to be so worded that the jury
might well understand that they were directed not to consider
plaintiff's estimates of value in his testimony.

5.   ———: JAPANESE VASE INCLUDED IN HOUSEHOLD FURNITURE. A
Japanese vase is included in "household furniture, useful and
ornamental."

*Appeal from the Howard Circuit Court.*—HON. JOHN
A. HOCKADAY, Judge.

AFFIRMED.

*Clark & Silvey* and *Fyke & Hamilton*, for appellant.

(1) The court admitted improper evidence on the
part of plaintiff: *First.* In permitting plaintiff, with-
out showing any knowledge upon the subject, to testify
as to the value of the goods. *Miller v. Bryden*, 34 Ill.
App. 602; *Guest v. Ins. Co.*, 33 N. W. Rep. 31;
*Frederick v. Ins. Co.*, 28 Ill. App. 215. *Second.* In
permitting plaintiff to testify to conversation with local
agent, after the fire. *Williams v. Edwards*, 94 Mo.
447. *Third.* In refusing to permit defendant, on cross-
examination, to test plaintiff's knowledge and recollec-
tion as to the cost and value of the goods. (2) The
court erred in giving plaintiff's instruction, numbered 1,
as to notice. (3) The court erred in refusing defend-
ant's instruction, numbered 7. It is well settled that
the estimate of value stated in the proofs of loss is no
evidence upon that subject, and it was prejudicial error

to refuse to so instruct the jury. *Newmarket v. Ins. Co.*, 30 Mo. 160 ; *Brown v. Ins. Co.*, 68 Mo. 133 ; *Ins. Co. v. Semnett*, 41 Pa. St. 161 ; *Ins. Co. v. Schrefler*, 42 Pa. St. 188 ; *Ins. Co. v. Lewis*, 42 Ga. 587. (4) The court erred in refusing defendant's eighth instruction, as to Japanese vase.

*S. C. Major* and *Draffen & Williams*, for respondent.

(1) Plaintiff's testimony as to the value of the goods destroyed was competent. She bought many of the articles herself, and was present when others were purchased. *Ins. Co. v. Horton*, 28 Mich. 173 ; 1 Thompson on Trials, sec. 380 ; *Seyforthe v. Railroad*, 52 Mo. 449 ; 1 Sutherland on Damages, p. 796. (2) Proof of notice was unnecessary, however. The defendant received the proof of loss, and made no objection to any want of notice, and refused to pay the loss because of alleged fraud. *LaForce v. Ins. Co.*, 43 Mo. App. 618. (3) The trial court did not err in refusing defendant's seventh instruction. *Cole v. Long*, 1 Mo. App. 216 ; 2 Thompson on Trials, sec. 2349 ; *Bradford v. Parson*, 12 Mo. 71 ; *Miller v. Miller*, 14 Mo. App. 418; *Julian v. Calkins*, 85 Mo. 202 ; *Pritchett v. Herrett*, 91 Mo. 547. (4) There was no error in the refusal of the court to declare as a matter of law, that the Japanese vase was not covered by the policy. The evidence showed that it was a parlor ornament. 1 Wood on Fire Ins. 134. It is clear that the plaintiff intended to include all of her "household goods, useful and ornamental." If there was any question as to whether the vase was an article of household furniture, "useful or ornamental," it was a matter for the jury, and the court properly refused the instruction asked. *Lead & Zinc Co. v. Ins. Co.*, 27 Mo. App. 440.

ELLISON, J.—This action is on a policy of insurance. Plaintiff recovered below, and defendant appeals.

The first alleged error is that plaintiff was permitted to testify as to the value of the goods without first showing she had any knowledge of their value. She testified that she knew their value, and stated what that value was. Her means of knowledge were proper subjects of cross-examination.

The second alleged error is that the assured should not have been permitted to testify to a conversation with defendant's local agent as to notice of loss. This testimony, if erroneously admitted, was harmless under the circumstances shown in this case. No objection was made by the company as to the claim except upon the ground of fraud. Other objections to testimony were made but we do not think they materially affect the case.

The criticism of plaintiff's first instruction as to its assuming that notice of loss was given could be conceded, and yet work no harm to the result. The whole case shows that defendant entered into an investigation of the loss and acted as though proper notice had been given.

The following instruction offered by defendant was refused: "7. The court instructs the jury that the estimate of value of the various articles mentioned in the list attached to proofs of loss offered in evidence, made by assured, is no evidence of the value of such articles." While the values stated in the proofs of loss are not evidence of such value ( *Newmarket v. Ins. Co.*, 30 Mo. 160 ; *Brown v. Ins. Co.*, 68 Mo. 133 ), yet the instruction here refused is so worded that the jury might have well understood the court to direct them not to consider plaintiff's estimate of value which she had given in her testimony before them. By comparing this instruction with those found in the cases cited, the difference is quite apparent.

Among other articles lost by the fire was a Japanese vase, valued at $500. The policy contained the following provisions: "On the following described property,

while located and contained as described herein, to-wit, $1,300 on household and kitchen furniture, useful and ornamental, including beds, bedding, linen, carpets, family wearing apparel, trunks, sachels, printed books and music, musical instruments, sewing machines, mirrors, pictures, paintings, engravings and their frames, at not exceeding cost, plate and plated ware, china, glass and crockery ware, fuel and family supplies, all while contained in the above-described dwelling-house, and part contained or stored in the one-story, frame, shingle-roof building used by assured as a storeroom."

In our opinion, the vase being in the house and a part of its furnishing was included within the terms of the policy quoted, and defendant's instruction, declaring it was not, was properly refused. The vase was a part of the house furniture, and, if not useful, belonged, at least, to that ornamental class of furniture now common with those who feel able to indulge the luxury. On the whole case we are for affirming the judgment, and it is so ordered.