E. E. BLACKWELL, Respondent, v. AMERICAN CENTRAL
INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, April 24, 1899.

1. **Appellate, Practice:** INSURANCE: BREACHES OF POLICY: INSTRUC-
TIONS. Where certain breaches of a policy of insurance, if true, would
avoid it, yet, if these matters are submitted on sufficient evidence
and proper instructions and found for the insured by the trial court,
the appellate court will accept them.

2. **Insurance:** VEXATIOUS REFUSAL TO PAY: PENALTY: EVIDENCE:
APPEARANCE: CARE. Formal affirmative proof of vexatious refusal
to pay an insurance loss is not required, but such refusal to justify
the infliction of the penalty must have been willful or without reason-
able cause, and this question of willfulness will not be determined
by the outcome of things at the trial but by the appearance before
the trial as judged by a prudent and reasonable man seeking to
ascertain the facts as duty would require.

*Appeal from the Cooper Circuit Court.*—HON. D. W.
SHACKLEFORD, Judge.

AFFIRMED (conditionally).

BARNETT & BARNETT for appellant.

(1)   The failure to keep and produce such complete
books avoided his policy.   See policy provision called "Iron
safe and inventory clause."   Crigler v. Ins. Co., 49 Mo. App.
11; Fleisch v. Ins. Co., 58 Mo. App. 596; Ins. Co. v. Bates,
65 Ill. App. 37; Lozano v. Ins. Co., 78 Fed. Rep. 278; Ins.
Co. v. Stubbs, 98 Ga. 754; Alfred v. Ins. Co., 37 S. W. Rep.
95.   (2)   Plaintiff was required by the policy to keep and
produce these books.   He admits that he cut these leaves out,
and his cutting them out and failing to produce them raises
the presumption that they were material and were against

him.  Every presumption is against the despoiler.  .1 Greenl. on Ev. [Redfield's Ed.], sec. 37; Brooms' Legal Maxims, sec. 903.   (3)  Plaintiff can not recover because there was a disagreement as to the amount of the loss, and there has been no award by appraisers, fixing the amount of the loss.   This is a condition precedent.  Murphy v. Northern British, etc., Co., 61 Mo. App. 323; McNees v. Ins. Co., 61 Mo. App. 335; Hooker v. Ins. Co., 69 Mo. App. 141; Swearinger v. Ins. Co., 66 Mo. App. 90; Reilly v. Ins. Co., 43 Wis. 449; Ins. Co. v. Leslie, 47 Ohio St. 409.   (4)  The court erred in assessing against defendant a penalty of ten per cent on account of an alleged vexatious refusal to pay the loss.   There is no evidence in this case justifying the awarding of such penalty, but on the contrary plaintiff's own inexcusable conduct occasioned such refusal.

W. M. WILLIAMS and O. S. BARTON for respondent.

(1)  The proofs of loss were sufficient.  The policy was fully complied with.  (2)  Defendant's actions relieved the plaintiff from further demanding an appraisement.  Dautel v. Ins. Co., 65 Mo. App. 44; 2 Beach on Insurance, sec. 1244; Ins. Co. v. Barwick, 36 Neb. 223; Probst v. Ins. Co., 64 Mo. App. 484; 4 Joyce on Ins., sec. 3257; Murphy v. Ins. Co., 70 Mo. App. 78.  (3)  Plaintiff complied with the "Iron Safe Clause" of the policy.  The inventory, invoices of purchases, day-book containing credit sales and the daily total of cash sales completed the set of books required by the policy, and furnished a complete history of the business.  Nothing further was requisite.  Burnham v. Ins. Co., 63 Mo. App. 85; Burnett v. Ins. Co., 68 Mo. App. 343; Bowen v. Ins. Co., 69 Mo. App. 272.  (4)  There was no error in allowing the plaintiff ten per cent damages for vexatious refusal to pay the loss.  Direct and explicit proof that the delay or refusal of payment was vexatious, was not required, but the court, sitting as a jury, was authorized to reach that conclusion from all the

facts and circumstances in the case. Lockwood v. Ins. Co.,
47 Mo. 50; Brown v. Assurance Co., 45 Mo. 221; Dautel v.
Ins. Co., 65 Mo. App. 45.

ELLISON, J.—This is an action on a policy of fire in-
surance on a general stock of merchandise. Plaintiff recov-
ered judgment on a trial before the court without a jury for
the full amount thereof, $1,500, and ten per cent additional
for vexatious refusal to pay the loss as is provided by section
5927, Revised Statutes 1889.

The grounds of defense are chiefly that plaintiff failed
to keep and exhibit to defendant an inventory of his stock.
That he failed to keep a set of books showing a complete record
of his business, including all sales for cash or on credit; and
that he failed to make an annual inventory, all of which was
required by the policy. Included in this defense is the charge
that plaintiff was guilty of spoliation in that he had cut out six
pages of his ledger and when this was discovered refused to
let defendant's adjuster examine the detached leaves. There
was further defense that no arbitration had been demanded
by plaintiff as provided by the policy; as well as that there had
not been proper proof of loss made.

The plaintiff's claim was that he made and exhibited
to the adjuster the inventory required. That he kept the
proper books containing a full exhibit and history of his busi-
ness after the date of the policy. That the pages cut from
the ledger related to his private business and were taken out
before this policy was issued. That he offered to arbitrate the
amount of the loss, and that defendant's conduct prevented
an arbitration, and was a waiver thereof.

If it was true that the inventory was false and fraudu-
lent; that the ledger had been tampered with and a part of
it torn or cut out with a view of defrauding
defendant, plaintiff should have been denied a
recovery. But these matters were submitted
in proper declarations of law and the court has

APPELLATE prac-
tice: insurance:
breaches of
policy: instruc-
tions.

found the facts to be with plaintiff's contention. While there was abundant evidence to have sustained a finding for defendant, yet an examination of the whole testimony as preserved, discloses evidence sufficient to sustain the court's finding. On the matter of arbitration, it was conceded to have been plaintiff's duty to offer to arbitrate unless defendant's conduct was such as to make such offer useless and unnecessary. There was evidence not only tending to show that an offer was made by plaintiff, but that defendant's conduct in refusing to proceed with a settlement and in denying all liability was such as to make an offer unnecessary. McNees v. Ins. Co., 69 Mo. App. 232; Dautel v. Ins. Co., 65 Mo. App. 44.

The only material objection to the trial as shown by the record relates to that portion of the judgment which imposes on defendant, in addition to the amount of the policy, interest and costs, the sum of $150 as a penalty for not having paid the claim without the delay. The statute on this subject is as follows: "In any action against any insurance company to recover the amount of any loss under a policy of fire, life, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof, and interest, allow the plaintiff damages not exceeding ten per cent on the amount of the loss; and the court shall enter judgment for the aggregate sum found in the verdict." R. S., sec. 5927.

INSURANCE: vexatious refusal to pay: penalty: evidence: appearance: care.

Formal affirmative proof that the refusal or neglect to pay was vexatious is not required. Brown v. Assurance Co., 45 Mo. 221. But this refusal, to justify the penalty, must have been without reasonable cause. Lockwood v. Ins. Co., 47 Mo. 50. The insurer, so long as he acts in good faith and with reasonable ground to believe that the insured has not a legal demand may contest the claim in court as any other litigant, without fear of a penalty if it happens that his

defense is not well founded.   The refusal contemplated by the statute implies willfulness and a punishment is imposed.   It ought not therefore to be inflicted unless the evidence and circumstances developed in the case show the delay was without excuse.

In this case, judged from the testimony given by plaintiff in his own behalf, the defendant's agents were amply justified in contesting the claim.   Indeed they would have been derelict in their duty to their principal if they had not done so. It was plaintiff's duty under the contract, to keep a merchant's books and to exhibit them to defendant.   He kept a ledger, which, when exhibited, had three leaves cut out, being from pages 252 to 259.   These loose leaves were lying in the book when opened by defendant's agent in the presence of plaintiff and he immediately picked them up, put them in his pocket and refused repeated demands to let the agent see them.   The agent urged that he had a right to see them as it was a part of his investigation.   Plaintiff persisted in his refusal and stated as his reason that the leaves had nothing on them but copies of his bank book which he had copied on them for fear he might lose his book.   That they had no reference to the property insured and were not the leaves belonging to the ledger.   That the leaves which he cut out of the ledger he had put in his desk at the store where they were burned with the stock.   When asked why he had cut them out of the ledger at all he stated that they contained matters of his private account and that patrons of the store sometimes went to his desk and looked through his ledger and he was afraid they would see these private matters (what they were does not appear), and that he therefore cut them out and put them in the desk.   When asked why he had put the loose leaves in the ledger, he stated that when he would have his bank book balanced or settled up by the bank he copied it on the sheets and kept them, sometimes at home, sometimes in his pocket, and sometimes in his desk.   While

the adjusting agent· was pressing his demand to see these leaves he assured plaintiff he would say nothing about what they might contain if they were as stated by plaintiff. But plaintiff still refused and stated to the agent that he would go with him to the bank where he might examine his account, or he would let him examine his bank book.

When it is considered that (from whatever cause) the book was mutilated; that the loose leaves were found at the place where the others had been cut out; that three were cut out and three were in that place and that plaintiff took possession of them and could not be persuaded to let the agent see them, it is little wonder that defendant should have "delayed" paying the claim. But this was not all there was to excite the agent's apprehension that plaintiff was not giving him a fair showing of the loss. It will be noticed that plaintiff assured the agent that the leaves threw no light on the investigation and only contained an exact copy of his bank book, yet while refusing to allow them to be examined, he offered to let the agent examine the book of which the leaves were an exact copy. It was but natural for the agent to hesitate about pay-- ing, in the face of the strange concealment of the copy coupled with a willingness to exhibit the original.

It will not do to answer these suggestions by the statement that the court has found the abstracted leaves as well as those taken possession of by plaintiff, in point of fact had no bearing on the loss and threw no light on the investigation. The court made that finding after time had developed and explained the whole case. But it must be borne in mind that the statutory punishment is not inflicted merely for the reason that it turns out at the trial there was, in reality, no reason for the delay. The question is, how did matters appear before the trial, as judged by a prudent and reasonable man seeking to find out the facts about an occurrence which it was his duty to investigate.

If the plaintiff will, within fifteen days, file a remittitur for $150, the penalty imposed, with six per cent interest thereon since the date of the judgment, we will order its affirmance, otherwise it will be reversed and the cause remanded. All concur.

