MARY CROWDER, Respondent, v. CONTINENTAL CASUALTY COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.**

1. **ACCIDENT INSURANCE: Payment of Premium: Active Agent: Forfeiture.** On the facts in evidence it is held that an agent's assurance that a certain installment of premium need not be paid at a certain time led the insured to believe that his policy would not be affected by the failure to pay at the time or he would have made other satisfactory arrangements; and the agent's authority to waive is sustained.

2. ————: **Settlement: Setting Aside: Return of Payment.** The payment of a less sum is no consideration for the discharge of a large liquidated amount, and to have an alleged settlement set aside it is not necessary for the beneficiary to return the lesser sum.

3. ————: **Notice: Sufficiency of.** Notice of the death by an agent of the company is sufficient, especially where it is acquiesced in by the company and an investigation of the claim made.

4. ————: **Evidence: Time of Remittance.** Under the issues the customary time of the remittance of premiums by the company's agent was pertinent since it tended to show that strict enforcement of prompt collections was not insisted upon.

5. ————: **Amount of Recovery: Excessive Verdict.** Plaintiff should not recover more than is demanded in its pleading, and on consideration of the facts it is found that the verdict should have been reduced by the unpaid part of the premium.

Appeal from Gentry Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*McCullough, Aleshire & Showen* for appellant.

(1) Defendant's objection to the introduction of any evidence under the pleadings should have been sustained. Plaintiff cannot maintain this suit without first

returning to defendant the nine dollars or at least offering to return it. Cahn v. Reid, 18 Mo. App. 115; Alexander v. Railroad, 54 Mo. App. 66; Retzer v. Packing Co., 58 Mo. App. 264; Banking Co. v. Ins. Co., 75 Mo. App. 311; Robinson v. Siple, 129 Mo. 208; Estes v. Reynolds, 75 Mo. 563; Taylor v. Short, 107 Mo. 384; Och v. Railroad, 130 Mo. 27; Carson v. Smith, 133 Mo. 606; Insurance Co. v. Howard, 111 Ind. 544; Gould v. Bank, 86 N. Y. 75. (2) The court erred in permitting plaintiff to offer in evidence exhibit "E" for the reason that it was written August 19, 1903, more than fifteen days after the date of the death of Mr. Crowder. Notice to the Chicago office of his death within fifteen days, was a condition precedent to plaintiff's recovery. Maddox v. Ins. Co., 56 Mo. App. 343; Porter v. Ins. Co., 62 Mo. App. 520; Burnham v. Ins. Co., 75 Mo. App. 394. (3) At the close of plaintiff's testimony, defendant offered a demurrer to the evidence which was overruled. This instruction should have been given. The policy was forfeited for non-payment of the premium due July 25, 1903, and was not in force at the date of Mr. Crowder's death. Premiums are required to be paid according to the contract. Dirks v. Ins. Co., 34 Mo. App. 31; Sauner v. Ins. Co., 41 Mo. App. 480; Richards v. Ins. Co., 68 Mo. App. 585; Mooney v. Ins. Co., 72 Mo. App. 92; Ashbrook v. Ins. Co., 94 Mo. 72; Reichenbach v. Ellerbe, 115 Mo. 588. (4) The court erred in permitting witness Frisbie to testify and detail to the jury the conversation he had with McGinnis on August 2d, the day McGinnis paid the Crowder premium. Incompetent testimony once in the record, is difficult to get rid of. Glasscock v. Railroad, 69 Mo. 589; Griffith v. Hanks, 91 Mo. 109; Durant v. Coal Co., 97 Mo. 62.

*Peery, Lyons & Wood* for respondents.

(1) The agent Frisbie by reason of his apparent authority and his course of dealing with the company had authority to extend credit to the insured for the in-

stallment of premium due July 25, 1903. Where the insurance company charges premiums personally to the agent, who gives credit to the insured, it amounts to payment to the company. Mooney v. Ins. Co., 80 Mo. App. 197. (2) The agent Frisbie, under the facts conclusively shown by the record in this case, had authority to waive the prompt payment of premiums. Wagaman v. Ins. Co., 110 Mo. App. 616; James v. Assn., 148 Mo. 1; Andrus v. Ins. Assn., 168 Mo. 151; Suess v. Ins. Co., 86 Mo. App. 10; Bush v. Ins. Co., 85 Mo. App. 155; Nickell v. Ins. Co., 144 Mo. 420; Joyce on Ins., sec. 1356. (3) The notice of death given verbally to the local agent at Stanberry, and by him communicated in writing to the general agent of the company at St. Louis, within six days after the death occurred was a substantial compliance with the provisions of the policy requiring notice to be given to the general office of the company at Chicago within fifteen days. 2 Wood on Ins. (2 Ed.), pp. 938, 939; 2 May on Ins. (3 Ed.), sec. 463 *et seq.* (4) Even though the notice was not given within the exact time required by the policy or to the office designated; still if it was actually received and acted upon by the company it is sufficient. 2 Wood on Ins. (2 Ed.), pp. 939, 940; 2 May on Ins. (3 Ed.), sec. 464; Loeb v. Ins. Co., 99 Mo. 50; Anthony v. Ins. Co., 48 Mo. App. 65; Browne v. Ins. Co., 46 Mo. App. 473. (5) The appellant, by requesting respondent to furnish proofs of death and by entering into an investigation of the loss, and entering into negotiations with respondent for a settlement thereof, waived any defect, informality or insufficiency in the notice of death. Dezell v. Casualty Co., 176 Mo. 278; Summers v. Railroad, 79 S.W. 481; Livestock Co. v. Railroad, 100 Mo. App. 674; Keyes-Marshall Co. v. Railroad, 87 S. W. 553. (6) The pretended release or discharge of the policy in suit was fraudulently and wrongfully procured, and was also wholly without consideration to support it. This issue was raised by the reply and was sub-

mitted to the jury as provided for by section 654, Revised Statutes 1899, and found for respondent.

ELLISON, J.—The plaintiff's husband took from defendant an insurance policy for $1,000, which in case of his death, as the result of an accident, was to be paid to plaintiff. Her husband was a railroad employee and was killed in a wreck on August 1, 1903. Defendant refusing to pay, suit was brought and judgment recovered in the trial court.

It appears that the policy was for yearly periods at $36 premium with provisions for renewal, and that deceased had taken it out something more than a year prior to his death. It was renewed in accordance with its terms, for another year. The renewal provided for four payments of premium of $9 each, which were to be paid on the 25th of June, July, August and September, 1903. The policy and renewal provided that a default in payment avoided the policy. Deceased paid all premiums for the previous year, but did not pay the first installment on the renewal until a few days before the second one became due. When in the act of paying this to defendant's agent, who issued the policy to him, the agent remarked that the second or July installment was about due and that he should really pay $18. Deceased replied: "My wife will get some money in a few days and I will give you the other. I don't know just exactly when, but you square me up for both of them. If you have to send it away, or have not sent it away, I will pay you anyway. I may pay you before you send it." To this, the agent replied, "All right." The agent marked both installments as paid on a book of account, which he kept of his business with the defendant company, though he stated it to be his private book and not that of the company. As before stated, deceased was killed on August first. On the next day after his death, the agent met a fellow-employee of deceased and stated to him that he was sending in his report to the company of premiums

collected and that he had extended credit to deceased for his July premium of $9, and was not certain that he had sufficient money in bank to pay it. The result was the next day McGinnis and another advanced the amount of the installment and the agent included it in the amount he sent in to the company August 3rd.

The policy required notice of death to be given within fifteen days after its occurrence. No report of the death of deceased was made at that time and not until the 6th of August, when the agent, at plaintiff's request, notified the company of that fact. Thereafter, on August 19th, plaintiff herself also notified the company and it sent to her proofs of loss, and afterwards sent its adjusting agent to investigate the claim. That agent, it seems, learned the fact that deceased had not himself paid the July installment (or, if he paid it, the agent learned of the way in which he did it) and announced to plaintiff that the compay was not liable on account of the default and the forfeiture of the policy in consequence. The agent, it seems, convinced plaintiff that the company was not liable. He told her that the $9, which her husband had paid actually belonged to the company, but, if she would request it, he would return it. That, if the policy was not in force, he did not think the company entitled to any part of it. He prepared a request for her, addressed to the company, and then paid her that amount and had her sign an endorsement on the policy as follows: "Received $9 of Continental Cas. Co. in full settlement of within policy." Plaintiff asked, in her reply, that this settlement be set aside as having been fraudulently obtained, but did not return or offer to return the money.

The foregoing contains the substance of the matters shown at the trial and we believe it sufficient to a full understanding of the case. We are of the opinion that the acts of the agent concerning the second installment of premium were binding on the company and that, therefore, there was no forfeiture of the policy at the

time of deceased's death. The agent's assurance to the deceased that he need not pay the July installment when due was enough to lead him to believe that no. effect would be had on the policy. But for this, we are bound to assume, as against a claim for forfeiture, that deceased would have immediately made some arrangement, either by actual payment, or otherwise, which would have been satisfactory to the company. The only serious question is as to the agent's authority and, as to that, we consider the later adjudications in the Supreme Court as determining it to be ample to bind the company. The agent in this case was shown to be one who issued the policies and collected the premiums for the defendant. He became the *alter ego* of the company and had authority to waive payments of premiums at the time agreed, and thus prevent forfeiture of the policy. [James v. Insurance Co., 148 Mo. 1; Andrus v. Insurance Co., 168 Mo. 151; Wagaman v. Insurance Co., 110 Mo. App. 616; Joyce on Insurance, section 1356.] So, even if we should consider the act of the agent in crediting the payment of the July installment on his books as not amounting to a payment, yet it must be admitted that his acts with the deceased amounted to a waiver of the payment when due.

Defendant insists that before plaintiff had any right to ask that the settlement be set aside, which plaintiff made with its adjuster, she should have returned, or offered to return, the nine dollars paid to her in consideration of the settlement. Passing by the testimony of the adjuster showing that he did not pay the money in consideration of the release, we find that the sum due plaintiff was a certain sum, fixed by the contract of insurance. The payment of a less sum was no consideration for the discharge of such liquidated amount. There could be no practical use in plaintiff restoring to defendant the nine dollars paid to her, when, in any event, defendant owed her more than that sum. [Goodson v. Insurance Co., 91 Mo. App. 351, 352.] If it should be suggested

that defendant paid the nine dollars on condition that it be accepted in discharge of the policy and that in accepting the payment plaintiff accepted the condition, it may be answered that the jury found, under proper instruction, that such agreement, or acceptance of condition, was induced by the fraudulent representations of defendant.

The point that notice was not given of the death is not well taken. Defendant's agent notified the company in writing, at plaintiff's request, within the time required. That was sufficient. [2 Wood on Ins., 938; 2 May on Insurance, 463.] Besides, the company acquiesced in the sufficiency of the notice. Furthermore, defendant entered upon an examination of the loss. [Loeb v. Insurance Co., 99 Mo. 50; Anthony v. Insurance Co., 48 Mo. App. 65; Bowne v. Insurance Co., 46 Mo. App. 473.]

Defendant's agent testified that he had no regular time for sending in money collected for premiums. He was then asked by plaintiff if the company made any objection to the time when he would make reports of money collected and of his remittances. He answered that there was not. Defendant objected to the question, but refused to state to the court that it was making no defense on the ground that the money was not remitted in time. If, then, it was a part of defendant's case that the money was not remitted in time, it certainly was proper to ask whether objection was made when it was not sent in time. It was a proper question aside from that view. It had, more or less, a tendency to show that the company was not giving strict enforcement to the prompt collection of premiums as they became due.

It appears from the terms of the policy that upon each annual renewal there was added to the amount, for which the deceased stood insured, the sum of fifty dollars. From this, it would seem that plaintiff was entitled to $1,050 instead of the original sum of $1,000. But the additional sum of $50 is ignored in plaintiff's petition and judgment only asked for $991 and interest, that

being the original sum less the $9 paid to plaintiff by the adjusting agent. The defendant now says that the whole year's premium of $36 should have been deducted from the original sum, which would leave only $964 due, instead of $991. In other words, that the judgment is excessive by $27. No point was made on this by special mention, though among the reasons assigned for new trial is the general statement that "The verdict is excessive." We are inclined to allow the claim and order a remittitur for $27, and the judgment will be affirmed less such sum. All concur.

