MICHAEL UTZ, Respondent, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.

Kansas City Court of Appeals, November 1, 1909.

1. INSURANCE: Notice of Other Insurance.    Notice to agent of insurance company that the applicant for insurance has other insurance on his "furniture" includes a piano, and is notice of such insurance on the piano.

2. INSURANCE: Vexatious Delay.  Where there is any evidence of vexatious delay it makes a question for the jury as to amount of penalty.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Reed, Atwood, Yates, Mastin & Harvey* and *Neville & Grier* for appellant.

(1) The policy sued on contained this condition: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valued or not, on property covered in whole or in part by this policy." This policy condition has always been upheld by our courts. Barnard v. Insurance Co., 27 Mo. App. 26; Rothschild v. Insurance Co., 62 Mo. 356. (2) And while, of course, under the decision of our courts, notice to the company of other insurance is a waiver of the policy condition, nevertheless, if the statements made to the company or its agents as to other insurance are untrue, the company is not estopped from setting up the defense of other insurance. Ordway v. Insurance Co., 35 Mo. App. 426.

*Brewster, Ferrell & Mayer* and *Culver & Phillip* for respondent.

(1) The policy sued on was issued by the Insurance Company of North America and covered $700 on the building and $300 on the piano. At the time it was issued plaintiff held a policy in the Orient Insurance Co. for $800 on the dwelling and $200 on his "household and kitchen furniture, useful and ornamental, musical instruments," etc. Crossman v. Baldwin, 49 Conn. 490; Alsup v. Jordon, 69 Texas 300; Sumner v. Blakslee, 59 N. H. 243; Marquam v. Sangfelder, 32 Pac. 676; Lee v. Gorham, 165 Mass. 130; Rasure v. Hart, 18 Kan. 340; Cole v. Fitzgerald, 1 Sim. & St. 189.

ELLISON, J.—Plaintiff instituted this action on a policy of insurance issued to him by defendant, and recovered judgment in the trial court for loss of his property as well as for a penalty for vexatious refusal to pay the loss.

The policy covered loss of plaintiff's house in the sum of $700 and loss of piano in the sum of $300. It is contended by defendant that plaintiff had other insurance on the piano of which it was not advised and that therefore the policy was avoided under specific provisions therein to that effect. The evidence, as plaintiff interprets it, shows that defendant's agent was notified of the other insurance. Defendant concedes that its agent had notice of $200 other insurance on his "furniture" but asserts that such notice was not a notice of insurance on a musical instrument such as a piano. We do not think the point well taken. We held in Browne v. Insurance Co., 46 Mo. App. 473, that where there was an insurance of $1,300 on "household and kitchen furniture, useful and ornamental," it included a Japanese vase valued at $500, although it was not specifically named.

In Crossman v. Baldwin, 49 Conn. 490, there was a contract to purchase "all the furniture" in a certain hotel and it was held to include a piano.

In Sumner v. Blakelee, 59 N. H. 242, pianos were held to be included in household furniture mentioned in a chattel mortgage.

In Alsup v. Jordan, 69 Tex. 300, it was held that an exemption from execution of "household and kitchen furniture" would include a piano.

In Lee v. Gorham, 165 Mass. 130, the statute providing that conditional sales of "furniture or other household effects" should be in writing, was held to apply to the sale of a piano.

An English case involved a bequest of "all and singular the household furniture and other household effects of and belonging to the testator in the dwelling house and premises at the time of his decease." There was found in the house and premises "four fowling pieces, a pair of pistols, lathes and apparatus for turning, models of a cutter and mortar, several paintings in frames, one hundred volumes of books, an organ, a par-

rot and cage, a grey poney, a cow, a haystack and a considerable stock of wines and liquors." Upon this the Vice Chancellor said that "The words 'household furniture and other household effects,' will comprise all property in the house and on the premises, intended for use or consumption therein, or for the ornament thereof. Elizabeth Cole is, therefore, entitled to the pistols, to the apparatus for turning, to the models, paintings, organ, parrot, books, and wine and liquors; but not to the poney, cow, or fowling pieces, unless it is proved that they were kept for the defence of the house. If the haystack was only for use, it would pass; if for sale, it would not pass." [Cole v. Fitzgerald, 1 Sim. & St. 189.]

It follows from the foregoing authorities, all bearing on the very question here presented, that when defendant's agent was notified of other insurance on plaintiff's furniture, it was notice of other insurance on his piano.

But defendant insists that it should at least be relieved of the penalty assessed under the provisions of the statute for vexatious delay. [R. S. 1899, sec. 8012.] We held in Blackwell v. Insurance Co., 80 Mo. App. 75, that to justify a penalty for delay in payment of insurance, the refusal must have been without reasonable excuse and that the mere fact of it being found at the trial that the insurance money was due the assured, would not alone determine that the delay was vexatious and without cause. But where there is competent evidence tending to prove vexatious delay, a question is made for the jury and we must accept the verdict. In this case no excuse appears as did in the Blackwell case and we think the court properly submitted the question to the jury. It has been so determined by the Supreme Court (Keller v. Insurance Co., 198 Mo. 440), and by this court in Kellogg v. Insurance Co., 133 Mo. App. 391.

On the whole record we find no reason for disturbing the judgment and it is accordingly affirmed.

All concur.