Brennen v. Connecticut Fire Ins. Co.

BEN R. BRENNEN, Respondent, v. CONNECTICUT
FIRE INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, May 11, 1903.**

1. **Insurance: MORTGAGE.** A mortgage on property at the time of
insurance, contrary to the terms of the policy and the warranty
therein, vitiates the policy.

2. ———: **KNOWLEDGE OF SOLICITING AGENT: WAIVER.** The
agent who writes and delivers an insurance policy has the same
authority to waive a condition that the company itself has, and his
knowledge is the knowledge of the company.

3. ———: **SOLICITING AGENT: MORTGAGE: WAIVER.** An in-
sured informed the agent that the bank held a mortgage on his prop-
erty, whereupon both applied to the bank and were assured the bank
would not claim the mortgage on that property, and thereupon the
agent wrote and delivered the policy: *Held,* the mortgage did not
vitiate the policy.

4. ———: **BANKS AND BANKING: ESTOPPEL.** While the cashier
of a bank has no authority to release a security for a debt, yet the
bank may be estopped by his conduct and assurances.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,*
Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The chattel mortgage upon the stock of goods
insured was not released nor satisfied, notwithstanding
the promise that it would be. . The debt was not. paid,
and the mortgage remained in full force. (2) The
promise to release the mortgage was gratuitous, without
consideration and not binding. (3) The chattel mort-
gage could not be released by verbal agreement. Secs.
4358 and 4360, R. S. 1899. (4) The existence of the
chattel mortgage upon the property insured, contrary
to the policy provisions, and contrary to the application
warranty that the property was not mortgaged, ren-
dered the policy void. Digby v. Ins. Co., 3 Mo. App. 603;

Obermeyer v. Ins. Co., 43 Mo. 537; Boggs v. Ins. Co., 30 Mo. 63; Walker v. Ins. Co., 62 Mo. App. 209; Cook v. Ins. Co., 38 Mo. App. 582.

*Johnson & Sea* and *Rechow & Pufahl* for respondent.

(1) Where the insurance company has the same knowledge as to the condition of the title to the property as the insured, there can be no false representation. In this case there was in fact none. Ormsby v. Ins. Co., 72 S. W. 139. And this may be shown by parol evidence. Baile v. Ins. Co., 73 Mo. 372. (2) In this case there was in fact no incumbrance, the chattel mortgage having been released, upon the faith of which the plaintiff paid his money for the insurance. The bank would have been estopped from making any further claim against the property.

BROADDUS, J.—The petition declares on a fire insurance policy on certain furniture and drugs. The whole amount of insurance was $1,200. It was shown that the property insured was destroyed by fire and that proof of loss had been made.

The liability of defendant for the loss is denied on the ground that the plaintiff in his written application for insurance on which the policy was issued stated that the said property was not incumbered, when, in fact, it was so incumbered by a chattel mortgage to the Bank of Bolivar for $421. The plaintiff testified that he effected the insurance through a Mr. Watson, defendant's agent at Bolivar, Missouri; that he made his application for it on the 19th day of October, 1901; that he told Watson at the time of the mortgage, who then said to him: "I can not write you insurance with that mortgage on it. You will have to go and release it. I will have to have the mortgage released before the company would take it." That he then went to a Mr. Faulkner, the cashier of the bank that held the mort-

gage, and told him the circumstances, and that he could not get any insurance until the mortgage was satisfied and asked him if he would take his farm for it and release the stock of goods, to which he answered, "Yes, we will do that." It was made to appear that the bank held a lien on plaintiff's farm also for the debt mentioned in the mortgage. Plaintiff further testified that Faulkner, the said cashier, authorized him to tell Watson, defendant's said agent, that the bank claimed no mortgage on the property; that he so told Watson, who replied, "All right, I will write the policy." And that Watson, at one time before he got the policy and twice since, told him he had seen Mr. Faulkner, and that Faulkner told him that the mortgage was released on the stock of goods and fixtures. These statements of plaintiff stand undisputed. It is fairly deducible from all of plaintiff's statements that he was acting under the supposition that what Faulkner said to him about releasing the property insured and taking the farm for the bank's security was a release of the mortgage; and it is also fair to presume that Watson wrote the policy under the impression that the mortgage on the property was released by the bank. Consequently, it appears that both acted honestly and in good faith. The mortgage in fact was not released. The court found for the plaintiff and defendant appealed.

It has been repeatedly held that the existence of a mortgage upon property at the time of insurance, contrary to the terms of the policy and contrary to the warranty in the application that the property was not so mortgaged, rendered the policy void. Walker v. Ins. Co., 62 Mo. App. 209; American Ins. Co. v. Barnett, 73 Mo. 364; Crook v. Ins. Co., 38 Mo. App. 582; Boggs v. Ins. Co., 30 Mo. 63.

There being no doubt as to the rule just stated, the question arises, does it apply to the facts of the case at bar? It is now the law of the State that the agent of an insurance company who writes and delivers insurance

policies has the same authority to waive a condition in a policy that the company itself has. Springfield Laundry Co. v. Ins. Co., 151 Mo. 90; Ross-Langford v. Ins. Co., 97 Mo. App. 79; Ormsby v. Farmers Ins. Co., 72 S W. 139. The facts as stated prove that defendant's agent, Watson, knew of the existence of the mortgage prior to the writing of the application and delivery of the policy; and his knowledge under the authorities just cited was the knowledge of the company. The agent relying upon the statement of the bank cashier that the property was released from the mortgage, received the application and issued the policy. The policy was not issued upon the faith of the application, but upon the assurance of the cashier. But it is contended that the cashier of the bank had no authority to release the mortgage lien, which is true; but it does not follow that the bank would not be estopped from denying the fact, as the defendant relied upon such assurance. It was certainly competent for him to make a statement of the fact that the thing had been done, because it was in the line of his duty. Under the authorities the agent could waive the warranty. The transaction upon the part of the plaintiff was in the utmost good faith and there was no increase in the risk, as he was certainly under the impression at all times subsequent to the issuance of the policy that he was the owner of the property free from the incumbrance of the mortgage.

Affirmed. All concur.