# FARMERS BANK, etc., et al., Respondents, v. MAN-CHESTER ASSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, March 1, 1904.

1. **INSURANCE: Apportioned Contract: Pleading.** In an action upon an insurance policy for the loss of a building and stock of goods, although the amount of insurance on each was set out in the policy, there was but one cause of action.

2. ———: **Pleading: Parties.** An insurance policy was issued to two parties insuring them against loss by fire, to an amount not exceeding $2,000 upon a brick building and $1,000 upon its contents, with a clause attached providing that loss, if any, should be payable to the mortgagee, which had a mortgage on the building only, as its interest might appear. *Held*, in an action on the policy for the loss of the property, the mortgagee was properly made a party plaintiff with the other two parties insured. *Held* further, that although the petition counted on an absolute contract to pay the amount named in the policy, and the policy introduced was conditioned by a mortgagee's clause and also a three-fourths value clause, it was at most a departure from the petition which must be taken advantage of by complying with section 655, Revised Statutes 1899, and not a failure of proof.

3. **PLEADING: Strict Construction Against Pleader.** The rule that a pleading must be construed strictly against the pleader applies to petitions only before verdict; after verdict in plaintiff's favor, a petition is liberally construed.

4. ———: **Variance.** If a defendant is misled by variance between the averments in the petition and the proof in support of it, he must pursue his remedy under section 655, Revised Statutes, 1899, otherwise his objection will not be considered upon appeal.

5. **INSURANCE: Pleading: Proofs of Loss: Notice.** In an action upon an insurance policy to recover damages caused by the destruction of the property insured, a general allegation that the insured performed all the conditions of the policy, and gave notice to the defendant of the loss, is sufficient without further averring that proofs of loss had been tendered; a

failure to comply with such condition constituted matter to be pleaded in the defense.

6. ———: **Proofs of Loss: Estoppel.** The admission by the defendant that it did not furnish blank forms for proofs of loss to be filled out by the insured, dispensed with the necessity of furnishing such proofs of loss, and estopped it from complaining of such failure.

7. ———: **Pleading: Three-Fourths Value Clause.** It was proper for plaintiffs in such an action to ask judgment for the full amount of the policy, without pleading the condition of the three-fourths value clause, or the existence of other insurance, which would lessen the total amount recoverable; if any facts existed by which the liability of the insurer was less than the amount named in the policy, they constituted matters of defense.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Barclay & Fauntleroy* and *Elliott W. Major* for appellant.

(1) The court erred in allowing policy of insurance, "Exhibit A" (No. 2462847) to be received in evidence because it failed to prove the contract alleged. There is but one cause of action, though several different items of property are damaged or destroyed. Rissler v. Ins. Co., 150 Mo. 373. (2) The petition, under a suit based on "Exhibit A," should have set up what other insurance existed on the property, or negative the existence of any other insurance thereon. Coates v. Ins. Co., 30 Pac. 404. (3) "Exhibit A" is not the same contract as that set forth in the amended petition. R. S. 1899, sec. 798, p. 286. The policy reads "Loss, if any, first payable to Farmers Bank, as its interest may appear." It makes the bank only the "payee, or the one to receive the money." It establishes a different contract from that alleged. Williamson v. Ins. Co., 86 Wis.

396; Carberry v. Ins. Co., 86 Wis. 327; Faulkner v. Faulkner, 73 Mo. 335; Green v. Cole, 127 Mo. 579; Link v. Vaughn, 17 Mo. 585; 22 Ency. Pl. and Pr. 602; Seibert v. Allen, 61 Mo. 488; Utassey v. Giedinghagen, 132 Mo. 60; Laclede Co. v. Tudor Works, 169 Mo. 154; Clements v. Yates, 69 Mo. 693; Halpin v. School Dist., 54 Mo. App. 371; Cole v. Armour, 154 Mo. 350; Feurth v. Anderson, 87 Mo. 354; Huston v. Tyler, 140 Mo. 252; Hayes v. Bunch, 91 Mo. App. 467. Again: The three-fourths value clause is a valid and binding contract, and makes a different contract from that sued on. Dolan v. Ins. Co., 88 Mo. App. 666; Bunch v. Ins. Co., 85 Mo. App. 158; Farmers Co. v. Ins. Co., 32 Ins. L. J. 162; Funk v. Iowa Assn., 72 N. W. 774, 103 Ia. 660. (4) Before a good cause of action can be stated upon ''Exhibit A,'' the burden is on plaintiffs to set forth (a) that clause of the policy, which relates to other insurance and what proportion thereof the defendant is liable for; (b) what other insurance is upon the property, in question, or (c) it should negative the fact of any other insurance being thereon. Again: Before a good cause of action can be stated upon ''Exhibit A,'' all clauses of the policy that are conditions precedent, notice of loss and proofs of loss, must be set up in the petition, and the performance thereof averred. Notice of loss and proofs of loss are not one and the same condition. Edgerly v. Ins. Co., 48 Ia. 587, 5 Ins. L. J. 846; Kellogg v. Ins. Co., 5 Ins. L. J. 929; Price v. Ins. Co., 77 Mo. App. 240; Gasser v. Sun Office, 42 Minn. 319; McCullough v. Ins. Co., 103 Mo. 606; Maddux v. Ins. Co., 56 Mo. App. 348. (5) ''Exhibit A'' is not the same contract as that set up in the amended petition: Cooledge v. Ins. Co., 30 Atl. 802; Nelson v. Ins. Co., 2 Ins. L. J. 342; McGookey v. Ins. Co., 33 Ohio St. 569. That clause in policy requiring immediate notice of loss is condition precedent, and it is not alleged by plaintiffs. Johnson v. Ins. Co., 57 N. E. 278; 2 May on Ins. (3 Ed.), sec. 460, p. 1063; McGookey v. Ins. Co., 33 Ohio St. 569.

(6) The court erred in receiving the (conditional) fact that plaintiffs gave notice of the fire and loss. 2 May on Ins. (3 Ed.), sec. 589, pp. 1332-1333. (7) The policy, or so much of it, as are conditions precedent, must be set forth in the petition. Hayes v. Ins. Co., 98 Mo. App. 417; Furlong v. Ins. Co., 18 N. Y. Sup. 845.

*W. O. Gray, Dempsey & McGinnis* and *Elijah Robinson* for respondents.

(1) There was not a failure of proof in this case: The petition taken as a whole alleged that the policy was issued to Fannie Stockdale and Annie Swype and that the loss, if any, should be paid to the Farmers Bank, mortgagee, as its interest might appear, and not that the policy was issued to all three plaintiffs. No other inference can fairly be drawn from the language of the petition. Bank v. Leyser, 166 Mo. 73; Weaver v. Harland, 48 Mo. App. 319; Murphy v. Ins. Co., 70 Mo. App. 78; State ex rel. v. Edwards, 78 Mo. App. 473; R. S. 1899, sec. 678. The contention that there was a failure of proof because the "three-fourths clause" attached to the policy was not set forth in the petition is not well grounded, because, at most, that constituted only a variance, and could be taken advantage of only by the method pointed out by the statute. Heffernan v. Legion of Honor, 40 Mo. App. 605; R. S. 1899, sec. 655. Plaintiffs were only required to allege generally the performance of the conditions of the policy, which they did. R. S. 1899, sec. 634; Richardson v. Ins. Co., 57 Mo. 413; Okey v. Ins. Co., 29 Mo. App. 109; Forse v. Knights of Honor, 41 Mo. App. 106; Rieger v. Ins. Co., 69 Mo. App. 674; Sisk v. Ins. Co., 95 Mo. App. 707; Winn v. Ins. Co., 83 Mo. App. 126. (2) And appellant's remedy was under section 655 of Revised Statutes 1899. Real Estate Co. v. Realty Co., 159 Mo. 562; Ridenhour v. Railway, 102 Mo. 270; Rumbolz v. Bennett, 86 Mo. App. 174; Hansberger v. Railway, 82 Mo.

App. 566; Sisk v. Ins. Co., 95 Mo. App. 695; State ex rel. v. Johnson, 78 Mo. App. 569; Meyer v. Chambers, 68 Mo. 626; Olmstead v. Smith, 87 Mo. 602; Grove v. Kansas City, 75 Mo. 672; Turner v. Railroad, 51 Mo. 501. (3) In order to make appellant's point available there must have been a failure of proof in respect to all of the material allegations of the petition. The petition must have charged the appellant with liability on account of something other than a contract of insurance on the building on lot 112, block 14 in the city of Bowling Green, Missouri, and personal property kept in said building made on the twenty-first day of December, 1901, the destruction of said property by fire on December 29, 1901, notice of such loss, etc., as in the petition in this case alleged. Section 798, Revised Statutes 1899, has been construed and illustrated in many cases, among them the following: Schmidt v. Schmaelter, 45 Mo. 502; Nelson Mfg. Co. v. Mitchell, 38 Mo. App. 321; Hughey L. & U. Co. v. Joyce, 41 Mo. App. 564; Casey v. Donovan, 65 Mo. App. 571; Toppass v. Mfg. Co., 74 Mo. App. 402; Donovan v. Brewing Co., 92 Mo. App. 341. (4) The petition alleged generally the performance of all the conditions of the policy, which, as above stated was all that was required, and under that allegation evidence of a waiver of the proof of loss was admissible. Ins. Co. v. Kyle, 11 Mo. 278; Russell v. Ins. Co., 55 Mo. 585; McCullough v. Ins. Co., 113 Mo. 606. Defendant admitted that notice of the loss by fire was given it as required by the policy, and that it did not furnish forms for proof of loss. This, under the provision of our statutes, amounted to a waiver of the proof of loss. R. S. 1899, secs. 7977 and 7978. (5) The petition in this case, even if defective and informal in some respects, is unquestionably good after verdict. Gustin v. Ins. Co., 164 Mo. 172; Oglesby v. Railway, 150 Mo. 137; Green v. Supreme Lodge, 79 Mo. App. 179; Shaver v. Ins. Co., 79 Mo. App. 420; Rodgers v. Ins. Co., 93 Mo. App. 24; R. S. 1899, sec. 672.

STATEMENT.

This action purported to be brought upon a policy issued by defendant, bearing date December 21, 1901, insuring Annie Swype and Fannie Stockdale against direct loss or damage by fire to an amount not exceeding three thousand dollars, two thousand dollars upon a brick building and its additions specifically described, and one thousand dollars upon their contents, consisting of enumerated household and kitchen furniture; the policy embodied an agreement on part of defendant, that any of its provisions in conflict with the statutes of the State of Missouri was distinctly held and acknowledged to be inoperative and of no avail; the policy had attached thereto a slip as follows:

"Three-fourths value clause—Missouri.

"The Manchester Assurance Company—1824.

"In consideration of the rate of premium at which this policy is written, it is a condition of this insurance, that in event of loss or damage by fire to the property insured, this company shall not be liable for an amount greater than three-fourths of the cash market value of each item of the same—not exceeding the amount of the policy—at the time immediately preceding such loss or damage; and in the event of other insurance on the property insured, then this company shall be liable only for its proportion of three-fourths such cash market value at the time of the fire. Other concurrent insurance permitted, but the total insurance, including this policy, shall at no time exceed three-fourths of the cash value of each item of the property hereby covered."

The schedule, descriptive of the property insured, contained a clause to the effect that loss, if any, should first be payable to Farmers Bank of Bowling Green, Missouri, as its interest might appear, and the action was in the names of the Farmers Bank, Fannie Stockdale and Annie Swype as plaintiffs; the statement of the

cause of action, upon which the trial was had, recited the corporate existence and the power of the corporations, plaintiff and defendant, and declared that defendant made its insurance policy, whereby, in consideration of the premium paid by *plaintiffs Fannie Stockdale* and *Annie Swype,* it insured *plaintiffs* against loss or damage by fire to the amount of two thousand dollars, on the buildings and additions, and one thousand dollars on *their* household and kitchen furniture. That at time of making such contract and issuing policy and at all times from such day up to and at time of the fire, plaintiffs Stockdale and Swype were unconditional, sole owners, seized in fee of the realty described, subject to the mortgage lien of the Farmers Bank and unconditional and sole owners of the personalty described and covered by the policy at the time of the insurance, thereafter and at the time of the destruction by fire; that such personal property was so destroyed by fire while contained in the building insured by defendant and at time it was insured and destroyed reasonably worth two thousand dollars. That the Farmers Bank, then, and at time of issuance of the policy, was owner and holder of a note for three thousand dollars secured by deed of trust on such realty and a lien thereon, and loss under the policy was payable to the bank to the extent of such note and the bank, therefore, made a party. That on the twenty-ninth of December, 1900, while the policy was in force, the building and personalty were totally destroyed by fire. The petition concluded with general allegation of performance by plaintiff of all conditions of the contract on their part, and of due notice of the fire and loss to defendant and demand for and failure of payment, and for judgment.

The defense interposed by defendant consisted of a verified answer thus set forth:

"Said defendant for its amended answer in the amended petition of the plaintiffs filed in this cause, denies each and every allegation, matter and thing

which is set forth or stated in said amended petition, and denies that defendant ever made with or executed or delivered to the plaintiffs the contract sued upon and set up in plaintiff's amended petition in this cause.

"Wherefore it prays judgment for its costs and disbursements herein.

"State of Missouri, County of Pike, ss.:

"E. W. Major, one of the attorneys and agents of defendant in this cause on his oath says that he has read the above and foregoing amended answer and the matters therein stated and that the facts and statements therein contained are true; and says on his oath that the defendant did not make with, execute, or deliver to the plaintiffs the contract sued upon and set out in plaintiff's amended petition in this cause, and that he as agent and attorney of and for the defendant in this cause makes this affidavit for and upon behalf of said defendant."

A trial before a jury March 11, 1903, terminated in a verdict for plaintiffs, and from judgment thereon defendant has duly appealed.

By stipulation in which it was agreed that two other cases on policies covering the buildings should abide the result of this case, it was admitted that the plaintiff bank was a corporation and holder of a note for three thousand dollars, secured by a deed of trust upon the property described in the petition; that defendant was a corporation licensed to do insurance business, that it issued the policy offered in evidence through its duly authorized agent; that appellant received due notice of the fire as required by the policy, and furnished no forms for proofs of loss and refused payment. The evidence consisted of the policy, the testimony of various witnesses, to the effect that there was a total loss of the property, that the building destroyed at time of the fire, was worth about twelve thousand dollars; that Fannie Stockdale and Annie Swype were owners of the personalty, which was wholly burned, and then of value of

twenty-five hundred to three thousand dollars; that these plaintiffs were owners of the realty, acquiring it by conveyance from their brother in the year 1896; that the bank held a deed of trust thereon, executed by Fannie Stockdale and Annie Swype to secure payment of a note for three thousand dollars.   The defendant thereupon presented an instruction demurring to the evidence in form following:

"The defendant demurs to the evidence of the said plaintiffs and moves the court to direct a verdict for the defendant, for the reason that under the law and the evidence of the case, the plaintiffs are not entitled to recover," which the court overruled.

REYBURN, J. (after stating the facts).—1.   The position of defendant in this case and the theory of the defense presented were that the plaintiffs set forth in their complaint one cause of action and were permitted to recover upon proof of a cause of action entirely different from that pleaded; that the contract averred by plaintiff was especially an absolute promise to pay the sums of money therein specified, while the evidence relied on, namely, the insurance policy, exhibited a conditional contract.   In the admissions of fact made, the right was reserved of objecting to the admission of any such facts in evidence, and they were subject to the right of defendant to object to any of them when offered in evidence under the pleadings, in the same manner as defendant would have the right of objection if the facts were testified to on the stand, and the objection to the evidence as the trial progressed was reiterated that it was inadmissible under the pleadings, as the contract sued on was unconditional as averred; whilst the contract issued by the company was conditional and different, and exceptions were duly saved.   One of the foundations relied on to uphold this contention of a departure in the proof, was that the policy specified the two individual plaintiffs as the insured, while the slip

designated in the argument as a "rider," attached to
the policy, made the plaintiff bank payee of the proceeds
of the policy insofar as its mortgage indebtedness was
unpaid; that an analysis of the transaction between the
parties would evince that the defendant obligated itself
by insuring the two natural persons plaintiffs; but at
their request merely assented, in event of loss, to pay
the corporate plaintiff to the extent of any sum then
unpaid on its secured note. Appellant further argued,
with force and emphasis, that the allegation that de-
fendant, by its policy of insurance, insured plaintiffs is
not sustained by the evidence of the actual contract,
whereby defendant specifically insured but two of the
three plaintiffs, and the third plaintiff was not embraced
in the primary contract of insurance as well as no party
thereto, nor was it obligated by any of the policy provis-
ions, but merely made payee of fruits of a loss under the
policy to the amount of his debt, if the latter, at time
of happening of a fire, had not been wholly otherwise
paid; and the amended pleading was further dissected,
illustrative of inaccurate allegations throughout, in de-
scribing the proportion of insurance upon the personalty
as one thousand dollars upon their (i. e. the three plain-
tiffs), property and the like.

The conditions and provisions contained in the so-
called rider, are to be considered as constituting part
of the policy to the same extent and with like effect as if
embodied therein (Crigler v. Ins. Co., 49 Mo. App. 11);
and that the policy, although the amount of insurance
was apportioned in part to personalty, and in part to
realty, created but a single cause of action has been ex-
pressly affirmed in the case of Rissler v. Ins. Co., 150
Mo. 366. It is also equally clear that the interest in-
sured was that of the individual plaintiffs and not of the
corporation, and the bank was merely appointed at de-
sire of the assured, payee of the fund accruing in event
of loss, to the extent of any balance then remaining un-
paid on the note, but the bank was collaterally bound by

the stipulations of the policy, and any action of the insured which would have operated to defeat the claim on the policy, was equally available by the company against the bank, whose rights were derivative under its co-plaintiffs. It is, therefore, apparent that the bank and the assured were properly made joint plaintiffs in the action on the policy. Carberry, Admr., v. German Insurance Co., 86 Wis. 323; Williamson v. Michigan Fire & Marine Ins. Co., 86 Wis. 393. While the pleading censured is vulnerable to the charge of inaccuracies, yet surveyed as a whole the relations of the three parties plaintiff sufficiently appear. Nor is the objection tenable that there was a departure from the complaint in the proof, as the evidence introduced by plaintiff, especially the policy, tended to establish a qualified agreement, whilst the petition averred an absolute contract. The rule of construction applicable to a pleading is varied by the stage of the case at which the petition, answer or reply may be considered, while the pleading is more rigidly construed before verdict, a relaxed and more favorable rule obtains after verdict, and every reasonable intendment is then brought to aid the pleading assailed. The language of the statute and its interpretation by the courts alike sanction and contemplate such principle of interpretation. "But after issue joined, trial and verdict, the court will not construe the petition most strictly against the pleader, but the pleading will be liberally construed, with a view to substantial justice." Oglesby v. Missouri Pacific Railway Co., 150 Mo. 137; R. S. 1899, sec. 2074. If, however, the appellant deemed the variance between the averments in the petition and the proof tendered material, or if it was misled thereby to its prejudice in maintaining its defense, the statute designated the proper remedy in section 655, and it has been held in a series of cases, that where a variance between the allegations and proof is charged, the objecting party must adopt the course indi-

cated by above section or the objection will not be considered on appeal.

"The sole contention made by the defendant in this case is that the *allegata* and *probata* do not correspond, and therefore it is insisted that upon the pleadings and proof the judgment must be for the defendant.

"It has always been the law that the *allegata* and *probata* must correspond (1 Greenl., Ev. (16 Ed.), sec. 63, p. 827; Rutledge v. Railroad, 110 Mo. 312). That a party can not declare upon one cause of action and recover upon another, is axiomatic in our law (Cabanne v. Skinker, 56 Mo. 357; Clements v. Yeates, 69 Mo. 623; Reed v. Bott, 100 Mo. 62; Haynes v. Trenton, 108 Mo. 123; Johnson-Brinkman Co. v. Bank, 116 Mo. 558). But it is also equally well settled in our State that timely and appropriate objection must be made to the introduction of the evidence offered on the distinct ground of a variance between the *allegata* and *probata,* and that the objecting party must proceed in the manner provided by section 2096, Revised Statutes 1889, otherwise his objection will not be considered (Briggs v. Munchon, 56 Mo. 467; Ely v. Porter, 58 Mo. 158).

"And the affidavit setting forth in what respect a party has been misled is the sole test of the materiality of a discrepancy between the *allegata* and *probata* (Turner v. Railroad, 51 Mo. 501; Meyer v. Chambers, 68 Mo. 626; Olmstead v. Smith, 87 Mo. 602). If a party fails to avail himself of section 2096, supra, in the trial court, it is too late to complain in the appellate court (Fisher v. Max, 49 Mo. 404; Brown v. Railroad, 50 Mo. 461; Clements v. Maloney, 55 Mo. 352; Ridenhour v. Railroad, 102 Mo. 270; Mellor v. Railroad, 105 Mo. 455; Bank v. Leyser, 116 Mo. 51)." Fisher & Co. R. E. Co. v. Realty Co., 159 Mo. loc. cit. 566.

The precise question here urged by appellant has been before this court in Heffernan v. Supreme Council American Legion of Honor, 40 Mo. App. 605, where the language of the court was as follows:

"The errors assigned on this appeal are that the court erred in admitting evidence of a conditional promise in support of a petition which charged an absolute promise; that the court erred in admitting irrelevant evidence offered by plaintiff, and further erred in its declarations of law.

"Touching the first assignment we have to say that the petition, if properly framed, should have charged a conditional promise, as the promise shown by the proof was conditional, but that the evidence offered was at most a variance as distinguished from a failure of proof."

The numerous decisions collated in appellant's brief fail in application and do not sustain its contention; the controlling element pervading them is the failure of proof and not any infirmity or defect in pleading, as a few citations will make obvious. "The trouble does not lie with the pleading, but in the total failure of proof to support the necessary averments of the petition." Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137. "We place our conclusions on the broad and substantial ground that the issues were tried upon an erroneous theory and the finding of facts was without evidence to support it, and we hold that justice and fairness demand that there should be a retrial." Green v. Cole, 127 Mo. 587. In the dissenting opinion in the latter case, expressive of the conclusions of three members of the court, is found the following apt and vigorous sentence: "The rule that renders it unnecessary to allege any more of a contract than the pleader intends to assert, in order to obtain the particular relief he asks, has been supported for many years to be the unquestioned law of Missouri."

2.   The appellant further insists that the complaint is fatally defective in other respects as a pleading on the policy; particularly in that under the stipulations of that evidence of the contract in force, it devolved upon plaintiffs to appropriately set out the language or

substance of the policy regarding other insurance, and definitely aver what proportion of the loss was recoverable from defendant; further, that notice of loss is distinct from proof of loss, and the averment of performance of the condition of the policy requiring due presentation of proof of loss must be averred as a condition precedent to recovery. The general rules regarding declarations upon insurance contracts, as well as of evidence, are the same as those governing other contracts, but to a greater degree modified by local legislation; and so much of the policy should be set out in terms or in substance as will exhibit a prima facie right of recovery, and in the respects under discussion especially should be charged the fulfillment of those acts by the insured and the existence of those facts should be alleged upon performance and subsistence of which the insurance money becomes payable, restricted, however, to conditions and facts precedent. Conditions subsequent to right of recovery, all special matters of defense and all acts to be performed by the insurer in discharge of the liability may be omitted by the plaintiff and left for the insurer to plead in defense. 2 May on Insurance (4 Ed.), secs. 588, 589; 2 Wood on Insurance (2 Ed.), sec. 522. In Missouri by express statutory provision, the performance of conditions precedent in a contract may be averred in general terms of performance, and the facts establishing such performance are not required in the first instance to be detailed, but if controverted the facts showing such performance must be established. Section 634. The petition herein, in compliance with the statute, contained averments of due performance of all the conditions of the contract on the part of plaintiffs, and of all duties required of them by the terms of the policy as well as of due notice of the loss; and the admission of the defendant that it did not furnish such blank forms of statements and proofs of loss it desired to have filled out by the insured, dispensed with the necessity of furnishing any proofs of loss, and

estopped the appellant from complaining of failure by the insured to furnish such proofs. R. S. 1899, secs. 7977, 7978. The so-called three-fourths clause has been recognized by this court and its validity is not questioned by respondents nor herein involved. Dolan v. Missouri Town Ins. Co., 88 Mo. App. 666; Bush v. Ins. Co., 85 Mo. App. 155. The primary basis of computation of the liability of defendant in event of total loss was the face amount of the insurance provided by the policy, the premium charged was for such aggregate of insurance, and the essential elements having been set forth in the complaint, it was not incumbent on plaintiffs that collateral conditions affecting the quantum of damages recoverable under particular conditions should be also mentioned; and any facts existing by which the liability of the insurer was abated from the total amount named in the policy, constituted matters of defense, which plaintiffs were not required to anticipate and negative in their original pleading; but if depended on as matters of defense, should have been properly set forth in the answer of defendant. Nor are such conclusions at war with the authorities appealed to by appellant, gathered from other States.

In Coates v. Ins. Co., 4 Wash. 375; s. c., 30 Pac. 404, by a majority of the court it was adjudged that where under the policy, the company agreed to pay a sum not exceeding an amount specified, subject to a provision that the amount to be paid under the policy should not exceed the proportion which the amount insured under the policy bore to all the insurance, a complaint silent as to other insurance upon the same property might be defective on demurrer; but such infirmity was waived if not appropriately presented in the trial court and, therefore, could not be raised in the appellate court. A member of the court, however, announcing his concurring opinion fully sustained the decision reached in this case. 30 Pac. 850. The cases cited respectively from Ohio and Indiana, 33 Ohio St. 555, Union Ins. Co. v.

McGookey, and Hanover Ins. Co. v. Johnson, 57 N. E. 277, are authorities for the proposition that under code sections of those States similar to the Missouri section cited, in actions on policies, a general averment that the insured had duly kept and performed all the conditions imposed on him to be kept under such policies, was a sufficient allegation that notice of loss and proof of loss had been given as required by the policy as conditions precedent.

The case of Cooledge v. Continental Insurance Company, 30 Atl. 798, is controlled by the special circumstances and peculiar facts presented. A careful consideration of this case and thorough research of the authorities in response to the industrious and able method of its presentment, have failed to reveal any errors of the trial court entitling appellant to reversal and retrial and the judgment is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.