# MARCH, 1933.

DOROTHY CLARK, RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.—58 S. W. (2d) 484.

St. Louis Court of Appeals. Opinion filed April 4, 1933.

594

*Lyon Anderson* and *Leahy, Saunders & Walther* for appellant.

*John P. Griffin, John B. Sullivan* and *Francis P. Sullivan* for respondent.

BECKER, P. J.—Plaintiff, the named beneficiary in a policy of life insurance issued by defendant on the life of her husband, Edward L. Clark, recovered judgment on the policy, together with a ten per cent. penalty and an attorney's fee under the vexatious refusal to pay statute. The defendant appeals.

It is conceded that defendant company issued a policy on the life of plaintiff's husband on October 29, 1921, and that plaintiff was the named beneficiary therein, and that the necessary premiums thereon were paid up to January 29, 1925, but that no further premiums were thereafter paid; that the insured died on February 9, 1930; that the policy contained the following nonforfeiture options:

"Nonforfeiture Options.—After three full annual premiums shall have been paid hereon, then in case of default in the payment of any subsequent premium or installment contained after the days of grace,

"Option A—Without action on the part of the holder, the policy will be continued for its value in participating paid-up life insurance (without disability or double indemnity benefits) which will have a yearly increasing surrender value in no event less than that required by law; or

"Option B—If the holder so elect, the policy will be terminated and the surrender value paid in cash; or

"Option C—Upon written request by the holder filed at the home office of the company within ninety days from the date of the premium in default, the policy will be continued at its face amount including any outstanding additions and less any indebtedness to the Company hereon or secured hereby, for its value in participating extended term insurance (without loan privilege or disability or double indemnity benefits) dating from said due date. Such insurance will have a decreasing surrender value expiring with the extension term."

It is further conceded that no request had been made by the holder of the policy, when failure to pay premium occurred, for extended term insurance under option "C" of the policy, within ninety days, or at any time after January 29, 1925; and that after the death of the insured, when the beneficiary requested payment of the policy, the insurer refused payment thereof, excepting the sum of $145 as paid-up insurance, on the ground that the insured had not made written request for extended insurance as provided for in the policy.

Plaintiff's theory, upon the trial of the case below, was that since more than three annual premiums had been paid upon the policy in question, under the provisions of section 5741, Revised Statutes of Missouri, 1929, the policy was not forfeited for the nonpayment of premiums, but had to be carried as temporary or extended insurance, and that though the period of this extended insurance, computed in accordance with the provisions set out in section 5743, Revised Statutes of Missouri, 1929, would not have carried the policy to the date of the death of the insured, yet under the terms of option "C" of the policy (which provided for extended insurance in the event of failure to pay premiums) the policy remained in force as extended insurance for six years and one hundred twenty-four days,

which carried it beyond the date of the death of the insured. Plaintiff contended that she was entitled to benefit of the longer period of extended insurance provided for by option "C" in the policy as against the period set up by statute, even though option "C" in the policy is conditioned upon the insured requesting such extended insurance within ninety days from the date of the default in premiums; and plaintiff further contended that even though it be held that the said requirement for "request of extended insurance" was an essential prerequisite to the insured's right to the benefits of said option "C", that the defendant waived such "request" on the part of the insured, and should therefore be held liable for the payment of the policy.

At the close of the case defendant requested an instruction to the effect that "under the pleadings, the law, and the evidence plaintiff is entitled to recover only the sum of one hundred forty-nine dollars ($149), the amount tendered by defendant into court, and your verdict must be for plaintiff in said amount," which was refused, but the trial court, evidently adopting plaintiff's theory of the case, at the request of plaintiff, directed a verdict for plaintiff for the full amount of the policy less the premiums (plus interest thereon) that had become due on the policy from the time of the failure to pay the premiums on January 29, 1925, to the date of the death of the insured. To this sum the jury added ten per cent. damages and an attorney's fee for vexatious refusal to pay. From the resulting judgment the defendant in due course appealed.

Defendant, appellant here, assigns as error the action of the trial court in refusing its instruction and giving instead plaintiff's instruction for a directed verdict. The point is well taken.

Were it to be conceded, *arguendo*, that the policy herein sued on contained no provision for an unconditional an nonforfeitable paid-up policy of insurance, as provided for under section 5744, Revised Statutes of Missouri, 1929, and, therefore, under the nonforfeiture section 5741, Revised Statutes of Missouri, 1929, the policy was continued as extended insurance, plaintiff could not prevail, in that under the conceded facts in the case such extended insurance, calculated according to the rule laid down in said section 5741, would run but for four years and two hundred seventy-eight days from January 29, 1925, namely, to November 3, 1929, and the insured did not die until February 9, 1930, more than three months after said expiration date.

But plaintiff contends that if her position be conceded, namely, that the policy in question does not contain a provision for the unconditional computation of the policy for nonforfeitable paid-up insurance within the purview of section 5744, then plaintiff must be held to have her choice between the statutory provision for extended

insurance under section 5741, or her rights under the provision of the policy under option "C," which provides that after three full annual premiums shall have been paid, then in case default of any specific premium or installment continued after the days of grace *"upon written request by the holder filed at the home office of the company within ninety days from the date of the premium in default,* the policy will be continued at its face amount including any outstanding additions and less any indebtedness to the company hereon or secured hereby, for its value in participating extended term insurance . . . dating from said due date." . . . And that since it is conceded that under said option "C" of the policy the extended insurance would have carried the policy for six years and one hundred twenty-four days, or to a time beyond the date of the death of the insured, plaintiff is entitled to recover the full face of the policy.

There can be no question but that if the policy be held without the provisions of section 5744, even though plaintiff under the extended insurance, as provided by section 5741, could not recover under the policy, yet if there was in the policy a provision more favorable than that provided for by statute under which the extended insurance was carried to the date of the death of the insured, plaintiff would be entitled to the benefits thereof, provided, however, that she had complied with all of the terms and conditions set forth in the policy with reference to such provision. An examination of the policy discloses that one of the conditions upon which the insured shall have the benefit of said Option "C" is that there must be a written request therefor by the holder of the insurance within ninety days from the date of the premium in default. But it is conceded in the instant case that no such written request was made, and we must, therefore, rule that the benefits of said option "C" are not available to plaintiff.

It is clear that the nonforfeitable section 5741 of our statutes is intended to secure a definite minimum of value to the insured in cases of default in the payment of premiums, and that such section of the statute does not deprive the insured of his right to make a contract of insurance more advantageous to himself than provided by said section. But any provision in the contract of insurance more advantageous to the insured must be carried out in accordance with the tenor thereof. In all events the insured must recover either upon the statutory provision or under the terms of the policy. The court cannot, as plaintiff in the instant case contends, give her the benefit of the more advantageous provision in the policy without plaintiff showing that she has complied with the stipulated prerequisite of having given notice in writing to the company as provided by the terms of the policy. To effectuate plaintiff's contention in this regard would require us to rewrite the policy to enable her to recover thereunder. This we cannot do.

Plaintiff contends that even though we hold that the requirements of the policy under option "C" thereof requires that a written request by the holder must be filed with the home office within ninety days of the default in payment of any premium, and that it is conceded that no such written request was made, yet plaintiff was entitled to recover because such provision must be held to have been waived by the insurer by reason of "its agent advising the respondent that she did not have to do anything, and that she could put the policy away, and that it would be carried as extended insurance."

The weight of authority supports the doctrine that while the test of the extent of an insurance agent's power to waive conditions and forfeitures is dependent on the extent of his authority to act for the insurer, yet if he is a general agent his power to waive conditions and forfeitures is held to be coextensive with that of the insurance company itself, and that the waiver of a condition in a policy of life insurance by a general agent is within the apparent scope of his authority. And so too an agent, authorized to issue and deliver policies, is generally regarded as having the power to waive conditions in policies. [Crowder v. Continental Cas. Co., 115 Mo. App. 535, 91 S. W. 1016; Riley v. Amer. Cent. Ins. Co., 117 Mo. App. 229, 92 S. W. 1147; United Zinc Cos. v. General Accident Assur. Corp., 144 Mo. App. 380, 128 S. W. 936; Manning v. Conn. Fire Ins. Co., 176 Mo. App. 678, 159 S. W. 750; Madsen v. Prudential Ins. Co. of Amer. (Mo. App.), 185 S. W. 1168; Parsons v. Knoxville Fire Ins. Co., 132 Mo. 583, 31 S. W. 117, 34 S. W. 476; Burnham v. Greenwich Ins. Co., 63 Mo. App. 85; Brennen v. Conn. Fire Ins. Co., 99 Mo. App. 718, 74 S. W. 406.]

And though in Missouri an agent merely authorized to solicit insurance, deliver policies, and collect premiums may waive conditions precedent, on the theory that such an agency carries with it implied authority to do everything necessary to discharge the business in hand (Bohannon v. Ill. Bankers Life Ins. Co. (Mo. App.), 20 S. W. (2d) 950; Bennett v. Standard Acc. Ins. Co., 209 Mo. App. 81, 237 S. W. 144; Brabham v. Pioneer Life Ins. Co. of Amer. (Mo. App.), 253 S. W. 786; Madsen v. Ins. Co., supra; Jones v. Ins. Co., 173 Mo. App. 1, 155 S. W. 1106), yet such agent cannot, *after the execution of a policy*, waive any of its conditions, for all of his functions as agent are held to have then ceased except to receive premiums. "An insurance agent who is only authorized to collect and forward premiums does not have power to waive conditions in a policy or forfeitures arising out of a breach thereof." [Cooley's Briefs on Insurance, Vol. 5, p. 3986.]

Plaintiff's testimony on the question of the alleged waiver was to the effect that "my husband said he couldn't afford to pay the premium and that I should leave it to run on as extended insurance," and that about two weeks after her husband had failed to pay the

premium then due upon the policy she had a conversation with an agent who "collected next door; and he collected money for the John Hancock and on weekly premiums. . . . He exhibited money; he had the John Hancock book and he collected money every week and gave out receipts." Asked as to what conversation she had with this man she stated:

"Well, I asked the agent about running that extended insurance, . . . and what he told me was just the way it was; I should just put it way and forget about it, and if death occurred then that extended the time the policy would be good. It wasn't necessary to do anything about it; just to put it away, and forget about it.

"Q. Did you say anything to him about making any written request or writing a letter? A. No, sir.

"Q. Did he say anything about that? A. No, sir. He just said to put it away and forget about it and it would run extended insurance.

"Q. And you left it that way? A. Yes, sir."

Accepting plaintiff's testimony with reference to the alleged waiver as true, and allowing her the most favorable inferences that may be drawn therefrom, the most that can be said of it is that the representative of the insurer with whom she conferred "about running that extended insurance," was merely an agent who collected premiums "next door," and at most an agent authorized to collect and forward premiums. In this situation, under the rule of law which we have set out supra, plaintiff's testimony can in no event be held sufficient evidence to warrant submission to the jury of the question of waiver by the insurer, through the alleged act of its agent, of the provision of the policy which required, upon default in premiums, a request in writing within ninety days thereafter, to obtain the extended insurance provided by the terms of the policy in option "C" thereof.

Since it is conceded that the insured died at a date later than that to which the statutory extended insurance provision (if available to plaintiff) would have carried the policy, and that the option "C" provision of the policy for extended insurance, upon failure to pay premium, was contingent upon the prerequisite of giving the company written notice of the election of such option on the part of the insured within ninety days of such premium date, and it being further conceded that no such notice of election was ever given, and it appearing as a matter of law from the testimony of the beneficiary, plaintiff below, that there was no waiver on the part of the insurer of the said required written notice of election of option "C," it follows that the trial court should have given the instruction requested by defendant at the close of the case, to the effect that under the pleadings, the law, and the evidence plaintiff was entitled to recover of defendant only the sum of $149, the amount tendered into court, and to direct the jury to return a verdict in conformity therewith.

It follows that the trial court erred in directing a verdict for plaintiff. The judgment is accordingly reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

*Kane* and *McCullen, JJ.*, concur.