# CAMERON, Respondent, v. B. ROTH TOOL COMPANY, Appellant.

**St. Louis Court of Appeals, November. 15, 1904.**

1. **PRACTICE: Variance.** Where the petition charged that the plaintiff, an employee of defendant, was injured by the explosion of a tube filled with explosive materials, while the evidence tended to show that the materials were not themselves dangerous, but the explosion was caused by the absence of vents and. overheating, there was no material variance.

2. **MASTER AND SERVANT: Safe Place to Work: Experiment.** In an action for injuries to plaintiff, the servant of defendant,by reason of an unsafe experiment conducted in the shop where he worked, where the evidence showed that neither before nor after the accident was a similar experiment made there, it was not error to exclude testimony as to. how often the defendant had made such experiments.

3. ———: ———: **Warning.** It was admissible to show that the persons making the experiment on defendant's premises gave no warning to plaintiff or other employees of the perils of the work in which he was engaged.

4. ———: ———: **Instruction: Assumptions.** It was not error to assume that the experimenter, who was neither an officer nor a workman in the employ of defendant, was on the premises by the invitation or permission of defendant.

5. **PRACTICE: Instruction: Ground Covered.** Instructions which properly declare the law may be refused without error, where .the same directions were embraced in the instructions given.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Ed. L. Gottschalk* and *Thomas H. Sprinkle* for appellant.

A recovery can only be permitted upon proof of the grounds specified in the petition and not on any other acts of negligence. Grocer Co. v. Railway, 89 Mo. App. 534; Fuchs v. City, 167 Mo. 620, 67 S. W. 610; McCormick v. Railroad, 154 Mo. 191, 55 S. W. 252; Groll v. Tower, 12 Mo. App. 585, 85 Mo. 249; Wright v. Fonda, 44 Mo. App. 634; Haynes v. Trenton, 108 Mo. 123, 18 S. W. 1003; Johnson v. Bank, 116 Mo. 558, 22 S. W. 813; Whipple v. Cooper, 55 Mo. App. 554; Jacquin v. Railroad, 57 Mo. App. 320; O'Brien v. Loomis, 43 Mo. App. 29; Eyerman v. Cem. Co., 61 Mo. 489; Mfg. Co. v. School Dist., 54 Mo. App. 371; Yarnell v. Railroad, 113 Mo. 570, 21 S. W. 1; Bohn v. Railway, 106 Mo. 429, 17 S. W. 580; Schlereth v. Railroad, 96 Mo. 509, 10 S. W. 66; Dahlstrom v. Railroad, 95 Mo. 99; Gurley v. Railroad, 93 Mo. 445, 6 S. W. 218; Aultman v. Smith, 52 Mo. App. 351.

*Richard F. Ralph* for respondent.

(1) A variance will not be considered on appeal unless the objecting party has proceeded in conformity with section 655, Revised Statutes 1899. Bank v. Assurance Co., 80 S. W. 299; Ridenhour v. Railroad, 102 Mo. 270, 13 S. W. 889, 14 S. W. 760; Mellor v. Railroad, 105 Mo. 455, 16 S. W. 849; Bank v. Leyser, 116 Mo. 51, 22 S. W. 504; Fisher & Co. R. E. Co. v. Realty Co., 159 Mo. 566, 62 S. W. 443; Fischer v. Max, 49 Mo. 404; Brown v. Railroad, 50 Mo. 461; Clements v. Maloney, 55 Mo. 352. (2) The affidavit contemplated by the statute, Revised Statutes 1899, sec. 655, is sole test of the materiality of a discrepancy between the *allegata* and *probata.* Turner v. Railroad, 51 Mo. 501; Meyer v. Chambers, 68 Mo. 626; Olmstead v. Smith, 87 Mo. 62. (3) "Timely and appropriate objection must be made to the introduction of the evidence offered on the distinct ground of a variance between the *allegata* and *probata,* and that the objecting party must proceed

in the manner provided by section 2096, Revised Statutes 1889, otherwise his objection will not be considered." Briggs v. Munchon, 56 Mo. 467; Ely v. Porter, 58 Mo. 158. (4) Where the testimony elicited by appellant was unfavorable to his contention, he can not complain.

### STATEMENT.

In this action for personal injuries, plaintiff in his petition set forth his employment by defendant and charged violation of the duty imposed on latter to provide a reasonably safe place in which to work, and reasonably safe appliances and tools with which to perform the work, making specific assignments of negligence that about two o'clock p. m. April 7, 1903, while plaintiff was in the performance of his duties as an employee of defendant in its tool and machine shop, under the orders and directions of defendant, and while in the exercise of reasonable and ordinary care on his part, defendant through its servants and persons working in such maufacturing establishment with knowledge, consent and permission of defendant and under its direction, negligently and carelessly constructed, and caused and permitted to be constructed, a large metal tube in a negligent and careless manner, and negligently and carelessly caused and permitted same to be filled with various metals and materials of explosive and dangerous nature, and carelessly and negligently caused and permitted such metal tube and contents to be negligently and carelessly placed in a large heating furnace in defendant's manufacturing establishment by reason whereof, such metal tube and contents were negligently caused to and did explode with great force and violence, thereby causing large pieces of such metal tube and its contents, and large pieces of the door and other parts of the furnace in which it was so negligently placed to be hurled with great

force and violence against plaintiff, knocking him down and producing serious and probably permanent injuries as detailed. In defense defendant made general denial and affirmatively pleaded that if the plaintiff was injured as alleged, such injury was caused by plaintiff's negligence in improperly heating the furnace and placing in such furnace the metal tube referred to in the petition and alleged to have exploded.

A reply denying the averments of the answer perfected the issues.

The testimony evinced that plaintiff, a hammersmith, on April 7, 1903, was employed by the defendant corporation at its tool and machine establishment, in the city of St. Louis, which contained several forges and near the center and about fifteen feet distant from the forges was a heating furnace, plaintiff at time of injury being occupied at one of the forges. Prior to and on above day, A. F. Howe was prosecuting experimental work in the hardening of metal in the shops of defendant with its knowledge and approval, assisted in such experiments by helpers furnished by it; the plaintiff and his fellow-workmen, about thirty in number, being under the direction and control of the superintendent, at the same time also president of the company, who was at work in the premises. A few days earlier at suggestion of an officer of defendant, Howe had caused to be brought to the shop a wrought iron pipe or tube three feet in length, of one quarter inch metal, eight inches in diameter constructed with threads at either end upon which metal caps could be firmly screwed. On the day specified, this device was charged or loaded by Howe, assisted by one of defendant's workmen, with three pieces of metal four to six inches in diameter and nine inches in length and a mixture of dark and yellow substances, designated carbon, and the whole contents tightly packed in the tube with the caps screwed down and no vents nor openings left. Thus prepared, Howe, assisted by plaintiff and

other coemployees, acting under the orders of the superintendent of defendant, with a crane deposited the tube in the heating furnace; after the tube was placed in the furnace plaintiff resumed work at the forges about fifteen feet distant and in course of half an hour the explosion of the tube occurred in the furnace, demolishing the latter, fragments of which, as well as of the tube itself struck and injured him.

REYBURN, J. (after stating the facts).—1. If the position of appellant has been understood, a departure or variance in the evidence from the allegations of the petition is assigned, upon the reasoning that the negligence relied on in the complaint charged that the tube containing explosive and dangerous material was placed in a heating furnace, while the evidence received tended to show that the furnace contained fire at red heat and the ingredients in the tube were not in themselves explosive, but the explosion was consequent on the absence of vents or openings in the tube for the escape of the gases generated, while the tube was in an overheated furnace. This interpretation of the testimony and of the petition are narrow, forced and untenable; the defendant by its answer attributed contributory negligence to plaintiff in improperly heating the furnace and placing therein the metal tube and tended further in the same direction by the examination of its witnesses as to the cause of the disaster. The course pointed out by the statute was not invoked and it can not be perceived that defendant was misled to its prejudice or that the variance, if any, which may be questioned was substantial or material. R. S. 1899, sec. 655; Oglesby v. Railroad, 150 Mo. 137, 37 S. W. 289, 51 S. W. 758; Farmers' Bank v. Ins. Co., 80 S. W. 299. It follows also that the objection to the response of plaintiff's expert witness to the hypothetical question addressed to him as not within the scope of the pleadings, was properly overruled.

2. Defendant has urged that the trial court erred in ruling upon the admission and exclusion of testimony, particularly in refusing to permit its witnesses to make reply to the question how frequently the tube and material had been employed by him, but as it was disclosed, that neither prior nor subsequent to the catastrophe, were the premises of defendant made the scene of other such experiments, and the question related to occurrences probably subsequent to and certainly not connected with the accident involved, such testimony was irrelevant and properly excluded. Nor is error perceived in allowing the same witness, Howe, to testify that he had given no previous warning to plaintiff or other employees of the perils of the work in which he was then engaging, as their knowledge or ignorance of such danger was material and important.

3. The court gave the following instruction at plaintiff's instance:

"The court instructs the jury that if they find and believe from the evidence that on or about April 7, 1903, the defendant company permitted and invited one Howe to enter upon its premises where the plaintiff was working as a blacksmith in the service of the defendant, and to place within its furnace thereon a certain tube closed and sealed and filled with materials of an explosive nature, and that said furnace at the time contained a hot fire, and if the jury further believe that the defendant knew or by the exercise of ordinary care could and would have known that said tube so closed and sealed and so filled was likely in the natural course of events to explode when so placed in said furnace containing a hot fire, and if the jury further believe that said Howe upon such permission and invitation did place said tube so closed and sealed and so filled in said furnace then containing a hot fire, and that in consequence thereof said tube did explode and that plaintiff as a direct and immediate consequence of said explosion and without any fault or negligence on his

Cameron v. Roth Tool Co.

part contributing thereto was injured, then the jury will find for plaintiff.''

In addition to the objections already disposed of, the further criticisms are made upon this instruction of assuming the existence of facts in issue, especially that the tube was closed, sealed and filled with materials of an explosive nature, in erroneously employing therein the terms invited and by invitation and in not requiring the jury to find that defendant had knowledge of the contents of the tube. The second instruction as modified and given by the court is full answer to several of these objections if material, and it can not be perceived that Howe was otherwise on defendant's premises than by invitation express or implied as he was himself neither an officer nor workman in its employ.

4. The defendant in general terms urges that the instructions offered by it and refused by the court were proper and should have been given. An attentive consideration of them singly and collectively has not convinced us that the trial court committed reversible error in their declination; in so far as they were correct, they are embraced in the charge given to the jury and the remaining parts are obviously inappropriate for reasons already assigned, or as involving the issues of negligence of a fellow-servant or mere accidental occurrence, neither of which were supported in the proof introduced. This record strongly points to an occurrence for which the law imposes liability on defendant to those suffering from its consequences, the amount of the recovery is not assailed as extravagant and no error in the trial enforcing reversal has been disclosed.

The judgment is affirmed. All concur.